## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| COPPERMARK BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-693-M |
| | ) | |
| FAS CONSTRUCTION MANAGEMENT, | ) | |
| INC., FAS ACQUISITIONS, INC. and | ) | |
| HHI INTERESTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On July 1, 2009, plaintiff commenced this cause of action against three corporate defendants alleging breach of contract, breach of fiduciary duty and conversion, and seeking punitive damages. On September 16, 2009, this action was administratively closed based upon the parties' representation that the case had settled. On May 4, 2010, however, the case was reopened, and plaintiff filed its Amended Complaint asserting additional claims for breach of settlement agreement, default of a note and breach of guaranty agreements. The three corporate defendants filed their respective Answers to the Amended Complaint on June 4, 2010, despite not being represented by counsel.[1]

On July 20, 2010, the Court ordered corporate defendants to either obtain counsel, or otherwise, "be subject to a range of penalties including default judgment." *See* Order, at 2. Upon review of the court file, the Court finds that defendants FAS Construction Management, Inc., FAS Acquisitions, Inc. and HHI Interests, Inc. have not obtained representation.

Based upon the above, the Court finds defendants FAS Construction Management, Inc., FAS

---

[1] The three Answers were each filed by John H. Roberts, Vice President, and underneath his signature on each Answer appears the notation "Defendant Appearing PRO SE."

Acquisitions, Inc. and HHI Interests, Inc. are in default. If a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998). The Court, taking the factual allegations of plaintiff's Amended Complaint as true, finds that plaintiff is entitled to judgment on its claims.

As related to damages, plaintiffs asserts that the parties entered into a settlement agreement in the total amount of $494,682.69. Pursuant to the settlement agreement, defendant HHI Interests, Inc. made an initial payment to plaintiff in the amount of $164,894.23, and executed two promissory notes payable to plaintiff in the principal amounts of $174,787.88 and $155,000.58, respectively. Upon execution of the promissory notes, plaintiff assigned the note in the principal amount of $155,000.58 to its participating bank, Texas Capital Bank. Plaintiff is the current holder of the promissory note in the principal amount of $174,787.88. Also, simultaneous with the execution of the promissory notes, and pursuant to the settlement agreement, defendants FAS Construction Management, Inc. and FAS Acquisitions, Inc. each executed guaranty agreements in favor of plaintiff for both promissory notes.

Having reviewed the Amended Complaint, the settlement agreement, the promissory notes and the guaranty agreements, the Court finds that plaintiff is entitled to damages in the amount of $174,787.88. Finally, the Court finds, pursuant to Okla. Stat. tit. 12, § 936, that plaintiff is entitled to recover its attorney fees incurred in pursuing this matter.[2]

Accordingly, the Court ORDERS that default judgment be entered against defendants FAS Construction Management, Inc., FAS Acquisitions, Inc. and HHI Interests, Inc. forthwith, and

---

[2]The Court hereby directs plaintiff to submit an application for attorney fees within twenty (20) days of the date of this Order.

ASSESSES damages in the amount of $174,787.88.  Interest shall accrue at the rate permitted by 28 U.S.C. § 1961.  A separate judgment will issue.

**IT IS SO ORDERED this 16th day of August, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE